

71-01 Austin Street
Forest Hills, NY 11375
727-335-1030
crabilllawfirm.com

**Taylor J. Crabill**
tcrabill@crabilllawfirm.com

January 9, 2025

**VIA ECF**

The Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Connolly v. City of New York, et al.*;
                Civil Action No. 24-cv-5507-MMH (E.D.N.Y.)

Dear Judge Henry:

      We represent Plaintiff Delano Connolly and write pursuant to the Court's December 10, 2024 Electronic Order to provide the Court with Plaintiff's proposed protective order. *See* Exs. A (Proposed Protective Order – Clean); B (Proposed Protective Order – Redline).

      **I.**    **Relevant Background**

      On November 25, 2024, Plaintiff's counsel sent Defendants' counsel an email attaching a proposed protective order with limited suggested redline edits to the Court's standard proposed protective order. *See* Ex. B. Specifically, in paragraph 2 titled "Confidential Discovery Material," Plaintiff proposed a catch-all category of confidential discovery material to account for possible confidential material that does not fit into the other listed categories. *See* Ex. B at p. 2. Plaintiff also proposed additional language to paragraph 11 titled "Return or Destruction of Documents" to make clear that counsel for the parties are able to maintain confidential discovery material for their records to ensure counsel have complete files related to their representation of their respective clients. *See* Ex. B at p. 5.

      Following the December 10, 2024 initial conference, the Court ordered the parties to file a proposed protective order by January 9, 2025. *See* Dec. 10, 2024 Electronic Order. Today, January 9, 2025, at 2:40 p.m., Defendants' counsel responded to the proposed edits that Plaintiff's counsel provided on November 25, 2024. Defendants rejected Plaintiff's proposed edits to paragraph 2 claiming without explanation that Plaintiff's proposed language was overly broad and somehow not related to the purposes of the confidentiality order. Also, Defendants agreed to the proposed edits to paragraph 11 with minor proposed revisions. *See* Ex. C (Proposed Confidentiality Order with Defendants' Proposed Redline Edits). Additionally, Defendants proposed several other substantive edits to the Court's standard confidentiality order. *See id.* At 4:26 p.m., Plaintiff's counsel sent Defendants' counsel an email detailing Plaintiff's response to Defendants' proposed



revisions.  As of the time of this submission, Defendants' counsel has not responded to Plaintiff's counsel's email.

**II.     Plaintiff's Proposed Confidentiality Order Should be Adopted**

Plaintiff's proposed edits should be accepted and the Court should enter the proposed protective order.  *See* Ex. A.  Plaintiff's proposed addition of the catch-all category to paragraph 2 ensures that the parties will be able to mark as confidential any materials that require such a designation and that do not fit into the other categories of materials listed in paragraph 2.  Also, Plaintiff's proposed language to paragraph 11 makes it clear that counsel may maintain confidential material for their records so that they may comply with ethical obligations to maintain and preserve confidential information and in the event such confidential material may be relevant to any disputes that may arise between counsel and their respective clients.  As such, the Court should enter the proposed protective order with Plaintiff's suggested edits.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Taylor J. Crabill